IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAMION D. FLOWERS, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:19-CV-2090-S-BK |
| § | |
| ACUITY BRANDS LIGHTING, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. The Court granted Plaintiff Damion D. Flowers' motion to proceed *in forma pauperis*, but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

Flowers, a resident of Irving, Texas, filed a *Complaint for a Civil Case Alleging Negligence* against Acuity Brands Lighting and three of its employees at the Irving Distribution Center: Keion Johnson, Cameron Goodwin, and [FNU] Polk. Doc. 3 at 1-3. The *pro se* complaint is inartfully pled and difficult to decipher. Flowers alleges that in September 2018, Defendants "watched me get attacked physically weekly" and "ignor[ed] me asking for help to cease the harassment and stalking." Doc. 3 at 4. He states: "I was stalked, harassed, and attacked physically, verbally and finally injured (hospitalized) defending myself against a male . . . [who] was sexually aroused while saying my car wasn't mine." Doc. 3 at 6.

Flowers asserts that Acuity Brands' corporate office was negligent in failing to resolve the safety issues "to avoid injury or my death on the job." Doc. 3 at 7. He avers:

> I was forced to defend myself against a male and another while being attacked in a physical altercation I had to defend myself against a person (a male) that attacked and wrestled me while he was (sexually aroused) and another and this is after being sexually harassed at two previous jobs . . . also two surgeries and accident that injured both hands that almost made me an amputee and suffered a concussion car wreck 9/18 before attacked can't work anymore forced to apply for disability now dealing with constant excessive hand swelling, no insurance[.]

Doc. 3 at 8. Flowers also states that he has "started hearing voices" and "seeing . . . property being sold again on television." Doc. 3 at 9. Flowers seeks backpay and compensatory damages for pain and suffering. Doc. 3 at 8.

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "[A] federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Flower's *Complaint* with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Flowers has not alleged facts that establish federal question or diversity jurisdiction.

Flowers plainly fails to present a federal cause of action. At best, his *Complaint* alleges only state tort claims. Moreover, as a Texas resident, Flowers shares the same state of citizenship as Defendants, so there also is no diversity jurisdiction. And because the *Complaint* does not present a sufficient basis for federal jurisdiction, the Court cannot exercise supplemental jurisdiction over any state tort claims pled. 28 U.S.C. § 1367(a).

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Flowers clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on October 1, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).